United States District Court
District of Massachusetts

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 223 et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>COASTAL ELECTRIC, INC., )<br><br>Defendants. ) | Civil Action No.<br>24-11261-NMG |

MEMORANDUM & ORDER

GORTON, J.

This is an employment action seeking recover fringe benefit contributions, dues and other amounts owed pursuant to a collective bargaining agreement ("CBA") and employee benefit plans. Pending before the Court is the motion of plaintiffs, the International Brotherhood of Electrical Workers Local 223 ("the Union") and a group of five pensions funds ("the Pension Funds") (collectively, "plaintiffs"), for entry of default judgment against defendant, Costal Electric Inc. ("defendant"). For the reasons that follow, plaintiffs' motion will be allowed.

I. **Background**

In October, 2020, defendant entered an agreement authorizing the National Electrical Contractors Association ("NECA") to represent its interests in any current or future CBAs with the Union. That agreement made defendant a party to

- 1 -

the September, 2021 CBA between NECA and the Union.  The Pension Funds, in turn, are third-party beneficiaries of the CBA.

One of the requirements of the CBA is that defendant make contributions to the pension funds based on the employees' hours worked or a percentage of wages paid for those hours worked. The CBA also requires defendant to adhere to the Pension Funds' internal regulations which include provisions for the payment of interest, liquidated damages and costs for late contributions. According to plaintiffs, between January 1, 2021 and August 5, 2023, defendants failed to make all required contributions to the pensions funds or to remit to the Union all dues and other amounts deducted from employee wages, as required by the CBA.

Based on this delinquency, plaintiffs filed suit in this Court in May, 2024.  Plaintiffs' complaint alleges three counts against defendant for failure to make contributions to the Pension Funds in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145.  Defendant failed to answer or otherwise respond, and the Clerk entered a notice of default.  Plaintiffs now move for entry of default judgment.

## II. Legal Standard

Under Fed. R. Civ. P. 55(a)-(b), a district court may enter default judgment when a defendant has failed to answer or otherwise defend against a complaint.  A final entry of default

judgment requires a two-step process. First, the clerk enters a notice of default. Id. 55(a). Then, the Court may enter default judgment on the application of a party. Id. 55(b).

Once a notice of default judgment is entered under Rule 55(a), the Court must assume that all well-pleaded factual allegations in the complaint are true. See Sec. & Exch. Comm'n v. Tropikgadget FZE, 146 F.Supp.3d 270, 275 (D. Mass. 2015). Nevertheless, default judgment will not be warranted unless 1) the Court has both personal and subject matter jurisdiction, 2) the allegations in the complaint state a cognizable claim for relief and 3) those allegations merit a discernable award of damages. Groden v. Epstein, No. 24-CV-10303-ADB, 2024 WL 4519724, at *1 (D. Mass. Oct. 17, 2024) (citing Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002)).

III. **Analysis**

   A. **Jurisdiction**

Before granting default judgment, the Court has "an affirmative duty" to ensure that it has jurisdiction "over both the subject matter and the parties." Groden, 2024 WL 4519724, at *2; cf. Hugel v. McNell, 886 F.2d 1, 3 n.3 (1st Cir. 1989) ("[W]here the court rendering the default judgment is shown to lack personal jurisdiction over the defendant . . . the judgment may be . . . set aside by the rendering court on motion.").

This Court has personal jurisdiction over defendant because defendant is a Massachusetts corporation. See Acquia Inc. v. CompuSystems, Inc., No. CV 21-10745-MLW, 2022 WL 4124418, at *4 n.1 (D. Mass. Sept. 9, 2022), appeal dismissed, No. 22-1766, 2023 WL 2810484 (1st Cir. Apr. 4, 2023) (recognizing that this Court possesses general jurisdiction over corporations organized under laws of the Commonwealth (citing M.G.L. c. 223A, § 2)).

This Court also has subject matter jurisdiction over plaintiffs' claims, all of which raise allegations under federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . [laws] of the United States."); see also 29 U.S.C. § 1132 ("[T]he district courts of the United States shall have exclusive jurisdiction of civil actions under [ERISA].").

B. Liability

A further perquisite to default judgment requires the Court to assess the plaintiff's complaint and determine whether it states a cause of action and establishes defendant's liability, accepting as true all well-pled factual allegations therein. Groden, 2024 WL 4519724, at *2; see Franco v. Selective Ins., 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability.").

Plaintiffs in this case alleges three counts against defendant under the LMRA and ERISA. The LMRA authorizes private actions against employers for "violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). ERISA, in turn, obligates employers to "make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement." 29 U.S.C. § 1145.

Here, plaintiffs have adequately pled that defendant's failure to contribute to the Pension Funds and to remit dues to the Union are contrary to the CBA and thus are in violation of ERISA and the LMRA. Taking these allegations as true, as the Court must, these facts are sufficient to state a cognizable claim under the LMRA and ERIA. See Gambino v. Radiant Elec., LLC, No. 17-CV-10034-ADB, 2017 WL 6544823, at *3 (D. Mass. Dec. 21, 2017) (granting default judgment on ERISA and LMRA claims where plaintiff alleged that defendant "fail[ed] to contribute to the [f]unds and to remit dues to [the Union]" in "violation[] of the . . . CBA" (third alteration in original)); see also Geiman v. Moosehead Harvesting, Inc., No. 21-CV-10512-ADB, 2021 WL 5054462, at *1 (D. Mass. Nov. 1, 2021) (similar).

**C. Damages**

Once the Court determines that a plaintiff has established a cognizable claim, it remains only to ascertain the degree of damages that are warranted. Groden, 2024 WL 4519724, at *3. In

calculating damages, the Court may conduct a hearing but is not required to, especially where the facts alleged adequately establish the amount of the default judgment by nothing more than computation. In re The Home Rests., Inc., 285 F.3d 111, 114-15 (1st Cir. 2002); HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988).

Here, plaintiff seeks damages for $30,414 in unpaid contributions, pre-judgment interest and liquidated damages. This amount is adequately supported by the submissions plaintiffs provided with their motion. See Gambino, 2017 WL 6544823, at *3 (accepting requested damages where supported by affidavits). As to attorneys' fees and costs, the Court finds the amount requested, $12,609, reasonable and adequately supported. See id. The Court will therefore enter default judgment in favor of plaintiffs for $43,023. Because these damages are a sum-certain, no hearing in this matter is deemed necessary. See In re The Home Rests., Inc., 285 F.3d at 114-15.

## ORDER

For the foregoing reasons, the motion of plaintiffs for default judgment (Docket No. 16) is **ALLOWED**.

Defendant, Coastal Electric, Inc., is hereby directed to pay plaintiffs $43,023.

**So ordered.**

                                                  /s/ Nathaniel M. Gorton
                                                  Nathaniel M. Gorton
                                                  United States District Judge

Dated:  November 15, 2024